Good morning. May it please the Court, Gia Kim appearing on behalf of Appellant Jorge Guerrero. I'd like to reserve two minutes of my time for rebuttal. The officers here lack reasonable suspicion to stop the car in which Mr. Guerrero was riding for a suspected violation of California Vehicle Code Section 22108 because that statute in itself doesn't prohibit an unsignaled turn. Before getting to the merits of that argument, however, I'd like to address the government's argument that the claim is waived. Contrary to the government's claim, this is actually an issue of first impression in the circuit, how the amended version of Rule 12, which eliminates the waiver language that previously appeared in that rule, interacts with this Court's general case law on forfeiture and waiver in plain error. The decision in Ortiz did not directly address that question, and that's not surprising given that the appellate briefing in Ortiz was completed before that rule change even went into effect, and Ortiz was argued just, I think, 10 days after it went into effect. So at most in Ortiz and also in the memorandum disposition Robinson that the government cited in its Rule 28J letter, that was an issue that may have lurked, quote, lurked in the record, but it was not explicitly passed on by this Court. And as the party's briefing shows, the courts of appeal had taken different approaches to that Rule 12 waiver language both before and after the amendment. And, you know, there appears to be a deep split as to whether that amendment is substantive or clarifying, but it depends in large part how the Court had treated the language before. And we would submit that this Court should side with the Fifth, Sixth, and Eleventh Circuits, which, like this Court, had treated a Rule 12, quote, waiver as a true waiver in the sense of extinguishing the claim rather than some lesser form of plain error or forfeiture as it was treated in certain other courts. And looking at the Fifth, Sixth, and Eleventh Circuits' decisions, like this Court, previously they had relied on that term waiver and said after the amendment we now have to reconsider it. It's substantive in light of our previous case law, and these claims are no longer waived. Well, but the Ninth Circuit permitted plain error review if there was good cause. Yes, Your Honor, and that's an alternate path through this. In other words, was it really a change given the good cause crafting into the rule by the Circuit? I believe it was because, to be fair, there were, as in some of these other circuits, some conflicting lines of authority. However, the good cause requirement was in Rule 12 itself, and it preexisted, and it survives that amendment. We don't dispute that. But there are definitely a number of cases cited by the government in which the claim is extinguished in the sense of being waived. Now, good cause, we would argue, you don't even have to reach this Rule 12 question if the District Court, in a case like Vasquez from this Court, actually passed on the merits of the suppression motion. It's implicitly ruling that that motion was timely. And the government, noting that at ER-3 the District Court does, in fact, cite this other statute, in all candor, does not cite that part of the statute about other traffic being affected. But the government says that this invocation of Section 22-107 shows that the District Court knew about that statute, and somewhat tacitly passed on that question. Yeah, I'm not persuaded by that argument. So let's assume that we continue to think that the good cause requirement applied, and we weren't persuaded by the argument you just mentioned. Do you have a backup? I guess I didn't see anything else in your brief that suggested that there was good cause. No, that would be our primary good cause argument. However, we would then go back to the question of whether Rule 12 in its amended form should lead to a reconsideration of this Court's prior requirements. Well, we have, post-2014 amendment, after the 2014 amendment, we've continued in a couple of cases to cite the good cause as being the standard. And I guess, I mean, there wasn't any discussion of the argument that you've helpfully laid out for us here, but I didn't see how we would just ignore the fact that even in, I think, a case as recently as last year, we said that good cause is the governing standard when, in this situation, the defendant hasn't raised a particular argument below, and I didn't see any way to avoid applying that standard here. We agree that good cause is the standard if it is found to be untimely, but that those prior cases should be reconsidered in light of the changed wording of the rule, as the others have. Assuming your claim is subject to some kind of a review, does it make a difference here, whether or not it's a plain error or, you know, just a standard review? I mean, I would argue it doesn't, given that the California Court of Appeal had already construed these particular statutes and said that Section 22-108, which is the 100-foot requirement, doesn't itself contain any command or prohibition. So as to plain error versus de novo, I don't believe it makes a standard. Of course, if this Court finds that it's completely waived, as would have occurred under the prior version of the rule, that's a different question. Now, this is moving on to the merits, but you say there's a Court of Appeal decision about whether or not the statute itself, you know, contains some provision that makes it a violation to violate that statute. But that amounts to an argument that the officers cited the wrong section, right? Now, isn't it true that, don't the cases say, if he did cite the wrong section, if there's another section that makes it a violation, does it make any difference? I think after High End, we've argued that this is an unreasonable mistake of law, and I think the case, the pre-High End case that's most similar to this case is Mariscal, which involved the Arizona statute with a similar, if any other traffic may be affected, clause in that statute. And I think this case differs from Mariscal in that the record's unusually clear that the officers did make a mistake of law in their declarations, and in their reports they said, you know, Section 22-108 is the only reason we pulled the car over. In Mariscal, that record wasn't clear, so this Court sort of assumed that they had the correct understanding of the law and then moved on to the second question. But here, I think we have to start with the question of an unreasonable mistake of law, and the government hasn't argued that this would be a reasonable mistake of law after Carmona and the California Court of Appeal decisions. And I see I'm into my rebuttal time, so thank you. Okay, we'll hear from the government and we'll let you respond. Good morning. May it please the Court, Michael Friedman, on behalf of the United States. This Court should continue to apply its unchanged pre-amendment Rule 12 precedent and find that any argument about reasonable suspicion under the California Vehicle Code was waived because it was not... Waived in the sense that we don't have the power to even review it at all? I don't read our cases as saying that before. Well, Your Honor, I think the question that the panel was interested in in the earlier questioning was the issue of good cause. I think that, in my mind, the question is whether the standard should be plain error or good cause. That's the only issue I see before us. There's not any scenario under which, and that's why I'm a little puzzled why defense counsel spent so much time trying to rebut this argument, I don't see any scenario under which we have lacked that power to address the argument at all. Just a question of whether we review it under the plain error standard or the good cause standard. I think the standard is the opposite, which is that if there is good cause, then the waiver is excused and it can be reviewed for plain error. And I think... Yeah, and I don't agree with that, but I'm just saying there's some threshold that defense counsel needs to get over, and I just disagree with you that there's some double-layer barrier to our reviewing it. But it seems to me it's an either-or choice. Why do you think that it would require the application of both? I don't understand that at all. Well, Rule 12, let me be clear that even if the Court does review for plain error, there was no plain error because there's a factual dispute. And under this Court's precedent, when there's a factual dispute, there is no plain error. So even if it's reviewed, there was no error and it should be affirmed. Going back to the good cause argument, though, Rule 12's issue with good cause is primarily a district court issue. And in this case, there isn't any record of good cause for this Court to review, and that's one of the reasons why the merits issue can't be reviewed. Vasquez, which the defendant cites, illustrates the opposite principle. In that case, a motion to suppress was litigated before trial, and then during trial, new issues arose, and within the district court, the defense sought to raise an untimely suppression argument for good cause. Now there's a complete record which this Court can then review. But in this case, there was several rounds of briefing, both before and after the hearing. There was an evidentiary hearing with four witnesses, and at every single step of the way, as the record makes clear, the defense took its opportunity to frame its issue. It filed its motion under Rule 12. It said the only issue was the signal on or off. That was the only issue that was questioned about during the hearing. It was the only issue that was relitigated in the motions afterwards. And so to the extent that the Court needs to find good cause under Rule 12 to get to plain error, there is not only no record of good cause, there isn't good cause here. And so on that basis, the argument is waived. But I'm also happy to address why there's no plain error which would get to the merits. Just maybe take another run at why would we have to find You're saying that we would need to find both good cause, just in the first instance in our court, and then if we found good cause, then we would review the argument under a plain error standard? Yes. Why? Why would we do that? That makes no sense. If there's good cause for her not having raised it below, why wouldn't we then just proceed to address the merits? Well, in a case like this, there's no record of the issue below because it wasn't raised in a timely fashion. Right. So there's not good cause. I'm saying in a case where the person was able to show good cause in our court for not having raised it below, whatever the reason would be. I'm sort of with you that I don't see it here. Right. But if there were good cause and we were satisfied that that standard had been met, why would we then proceed to review the argument under a plain error standard? That's what I don't understand. As opposed to continuing to review it for good cause? No. We found good cause for the argument not having been raised below. The arguments now before us, why wouldn't we just review it de novo? I don't think this court's precedent under Rule 12 has ever applied a de novo review even when something's being reviewed for good cause having been shown for being untimely raised. And the cases illustrate why that is. Because when it's not raised below, even if there's good cause for why it wasn't raised below, there isn't a factual record to review. The cases, Kesey talks about this in particular, it's a practical issue. Rule 12 has its requirement so that there can be questioning, so that there can be argument. And when the argument isn't raised below, the government can't anticipate all the basics. So the amendment, the 14 amendments to 12C, would necessarily change, in your view, the manner in which this court reviews the untimeliness of a motion to suppress? If the court's going to review an untimely motion to suppress, yes. And that's I don't think the 14 amendments are that big of a change. I think that it's plain error, and in this case there is no plain error. And this case really illustrates the difficulties of trying to conduct any sort of review of arguments that just were never raised below. There could be a different story if there hadn't been an evidentiary hearing or there hadn't been supplemental briefing or if in the district court... But if the 14 amendments do not change or mandate a change in the clarion jurisprudence, why wouldn't this court just continue to do it the same way as it did it before? Why would it change? Well, I think it should do it the way that it has done before and find that the argument is waived, can't be reviewed. Well, if there is good cause, it can be reviewed. Correct. And I think under any standard that this court wants to apply. Here, even if the court were to apply de novo review, there is no clear error because there's enough in the facts to reach the merits, even if the court were wanting to do that in the extreme situation, which I don't think it should do or needs to do under its precedent. But there is a view that under the amended rule, there is no waiver. It just simply means it's subject to plain error review. What's wrong with that rule? Well, that's a minority view of only a few circuits, and we would urge this court to follow the majority of circuits which have considered the issue since the Rule 12 amendment. The First Circuit, the Second Circuit, the Third Circuit, the Seventh Circuit, and the Eighth Circuit, all of which found Rule 12 is not a substantive change. The deletion of the term waiver was to avoid confusion. In other words, it's essentially an instruction to continue applying the Rule 12 precedent without it getting intermingled with the waiver doctrine, which has come to mean something different under a law now in criminal law. If the court would like me to address the merits, I'm happy to do so. Otherwise, I don't think I need any more. In other words, it seems to me, this is up to the defendant, but the opening brief seems to be based on a mistaken reading of the map or something, right? That's correct. That the street was a one-way street that turned on the street? That's correct. And I don't think it's disputed now that it's a two-way street. It may be disputed on appeal, but it was not disputed in the district court and it's not disputed in the record. So I don't think I need any further argument. Okay. All right. Thank you very much. Let's hear from defense counsel. You've got almost two minutes left. Thank you. First of all, as to what the standard of review would be if good cause is shown, the government at page 24 of its brief says that once good cause is shown, it is de novo review. And we would agree with that. As to the existence of good cause, we have argued that this is not a case where there was no motion to suppress at all. There was a motion to suppress. It was on reasonable suspicion. It is true that defense counsel below focused on the fact of whether the term signal occurred. However, there's a motion made the government it's their burden to show that for a warrantless search that it was a reasonable search. And in doing so, it cited only section 22-108 specifically in its opposition to the motion to suppress. So we would argue that that also as far as the framing of the issues constitutes good cause for defendant not voluntarily, you know, preemptively raising section 22-107 when the government has never sought to defend the stop on that basis. And as far as on the merits, the fact of how the California courts have interpreted 22-107, it's the impact of the movement itself, not the failure to signal. And that's why the fact of, the undisputed fact that there is an approach towards a T-intersection. If it wasn't raised below, how could the government then introduce evidence to satisfy that standard? It's sort of a bait and switch. You had argued the question of whether or not a signal was made. So they did not then introduce any evidence concerning the impact on the traffic. Now we switch to a new theory and we said, well, you didn't introduce any evidence of our new theory, which we did not raise in the district court. So how could that work? Well, I would argue that the government's briefing is also framed by the police reports that already existed and the declarations, which also say the only reason was 22-108. And the government's briefing was in line with what the report said, that that focus on that specific statute was the cause for the stop. And I believe I'm over my time. You are. Okay. Thanks very much. The case just argued is submitted.
judges: Tashima, Watford, Robreno